UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. _____ |
| | ) |
| JERRY W. FLEWELLING II, | ) |
| | ) |
| Defendant, | ) |
| | ) |
| | ) |
| CAVENDISH AGRI SERVICES, INC., | ) |
| UAP DISTRIBUTION, INC., and | ) |
| RICKY MCLAIN, | ) |
| | ) |
| Parties-in-Interest. | ) |

**COMPLAINT FOR FORECLOSURE**

NOW COMES the United States of America ("Plaintiff" or the "United States"), by and through its attorneys, and alleges on knowledge, information, and belief as follows:

1. This is a civil action seeking foreclosure of certain real property.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1345.

3. Upon information and belief, Defendant JERRY W. FLEWELLING II, also known as JAY W. FLEWELLING ("Defendant"), last resided in Monticello, Maine.

4. On about June 18, 2001, Defendant obtained a loan from the United States of America, United States Department of Agriculture, Farm Service Agency (the "FSA") in the amount of $72,000.00.  Said loan was rescheduled on March 30, 2004, in the amount of $20,519.77.  Said loan is evidenced by two promissory notes of even dates and amounts, to be repaid according to the terms set out therein.  Copies of these promissory notes are attached to this Complaint as Exhibits A and B and are incorporated herein by reference.

5. On about July 21, 2003, Defendant obtained a loan from the FSA in the amount of $54,500.00. Said loan was rescheduled on March 30, 2004, in the amount of $55,477.44. Said loan is evidenced by two promissory notes of even dates and amounts, to be repaid according to the terms set out therein. Copies of these promissory notes are attached to this Complaint as Exhibits C and D and are incorporated herein by reference.

6. On about June 23, 2004, Defendant obtained a loan from the FSA in the amount of $54,500.00. Said loan was rescheduled on May 16, 2005, in the amount of $55,903.63. Said loan is evidenced by two promissory notes of even dates and amounts, to be repaid according to the terms set out therein. Copies of these promissory notes are attached to this Complaint as Exhibits E and F and are incorporated herein by reference.

7. On about June 9, 2006, Defendant obtained a loan from the FSA in the amount of $54,500.00. Said loan is evidenced by a promissory note of even date and amount, to be repaid according to the terms set out therein. A copy of this promissory note is attached to this Complaint as Exhibit G and is incorporated herein by reference.

8. The promissory notes attached to this Complaint as Exhibits A-G (together, the "Promissory Notes") indicated that the FSA's loans to Defendant were made pursuant to the Consolidated Farm and Rural Development Act and were subject to the present and future regulations of the FSA and/or the United States.

9. To secure the repayment of said indebtedness, and for other purposes, Defendant duly executed, acknowledged, and delivered to the FSA eight certain real estate mortgages (together, the "Mortgages") on, respectively, May 12, 2000; June 18, 2001; May 9, 2002; July 21, 2003; March 30, 2004; June 23, 2004; May 16, 2005, and June 9, 2006, whereby he granted, bargained, and sold to the FSA the following premises:

PARCEL I

The following described real estate, together with the buildings thereon, situated in the Town of Monticello, County of Aroostook, State of Maine, to wit:

Commencing at the southeast corner of that parcel of land conveyed by Mary Gregor to Sherlock W. Denbow and Julia O. Denbow by Deed recorded in Vol. 1752, Page 192 of the Southern Aroostook Registry of Deeds, and being a part of Lots 37 and 36 in said Town of Monticello, as conveyed by the United States of America, Farmers Home Administration to Mary B. Gregor and recorded in Vol. 1610, Page 233 of said Registry; thence westerly along the southerly line of said parcel conveyed to said Denbows to the west line of said lot 37, which is also the west line of the Town of Monticello; thence southerly along the west line of said Lots 37 and 36 and the west line of the Town of Monticello to a point from which said point a line drawn easterly and parallel to the north line of this parcel as described above to the east line of said parcel, as conveyed in Vol. 1610, Page 233, as will include forty (40) acres, more or less; thence easterly and parallel to the north line of this parcel as described above to the east line of the conveyance in Vol. 1610, Page 233; thence northerly along the east line of the conveyance in Vol. 1610. Page 233 to the point or place of beginning. Said parcel hereby conveyed to contain forty (40) acres, more or less, being known as Mary Gregor Lot No. 5.

Excepting and reserving a pole line easement as granted by Peter L. Homchuck and Ada B. Homchuck to Eastern Maine Electric Cooperative and New England Telephone and Telegraph Company dated November 2, 1976 and recorded in the Southern Aroostook Registry of Deeds in Vol. 1266, Page 318.

Being the same premises conveyed by Mary B. Gregor to Charles W. Miller and Bertha M. Miller by Warranty Deed dated August 19, 1982 and recorded in Vol. 1637, page 215 of said Registry.

>Also excepting and reserving here from that certain right of way described in a Deed from Charles W. Miller and Bertha M. Miller to Herbert C. Haynes, Inc. dated November 22, 1988 and recorded in Vol. 2143, Page 158 of said Registry.

(the "Mortgaged Premises").

10. The Mortgages were duly recorded in the Southern Aroostook Registry of Deeds at, respectively:  Book 3390, Page 066; Book 3523, Page 288; Book 3656, Page 180; Book 3840, Page 134; Book 3948, Page 268; Book 3990, Page 323; Book 4122, Page 228; and Book 4291, Page 172.  Copies of the Mortgages are attached to this Complaint as Exhibits H, I, J, K, L, M, N, and O, and are incorporated herein by reference.

11. The Mortgages, by their terms, are subject to the present and future regulations of the FSA.  Upon default, the FSA, with or without notice, may declare the entire amount unpaid under the note and any debt to the FSA secured immediately due and payable, or foreclose and sell the Mortgaged Premises, as provided by law or the terms of the Mortgages.  The FSA may effect such foreclosure pursuant to either Maine law or, at its option, the laws of the United States.  Notices given regarding the Mortgages must be sent by certified mail.

12. The Promissory Notes provide that failure to make payments when due, or failure to refinance the loan when requested to do so by the United States, or to perform any other agreement contained therein shall constitute default under said Promissory Notes and any other instrument evidencing a debt of the borrower owed to or insured by the FSA, on any instrument securing or otherwise relating to such a debt; and that a default under any other such instrument shall constitute a default under said Promissory Notes.

13. Defendant failed to comply with the provisions and conditions of the Promissory Notes and Mortgages by failing to make payments of principal and interest when due.

14. The FSA made demand upon Defendant for payment of the outstanding principal balance of and accrued interest on the Promissory Notes due to Defendant's non-payment. Specifically, the FSA sent to Defendant by both certified mail and regular mail on April 14, 2010, a "NOTICE OF ACCELERATION OF YOUR DEBT TO THE FARM SERVICE AGENCY AND DEMAND FOR PAYMENT OF THAT DEBT" (the "Original Notice"). On June 2, 2010, the FSA sent to Defendant by both certified mail and regular mail an amended "NOTICE OF ACCELERATION OF YOUR DEBT TO THE FARM SERVICE AGENCY AND DEMAND FOR PAYMENT OF THAT DEBT" (the "Amended Notice"). The Original Notice and the Amended Notice both stated, among other things, that: (a) "[T]he entire indebtedness due on the promissory notes . . . which evidence the loans received by you from the [FSA] is now declared immediately due and payable"; (b) "The promissory notes . . . are secured by real estate mortgages, deeds of trust, security agreements, and financing statements. . . . This acceleration of your indebtedness is made in accordance with the authority granted in the above-described instruments"; and (c) "Unless full payment of your indebtedness is received . . . within 30 days from the date of this letter, the United States will foreclose the above described security instruments and pursue any other available remedies." Copies of the Original Notice and the Amended Notice are attached to this Complaint, respectively, as Exhibits P and Q, and are incorporated herein by reference.

15. The United States, acting through the FSA, is the present owner and holder of the Promissory Notes and the Mortgages.

16. Because of Defendant's breach of the provisions of the Promissory Notes and the Mortgages, the FSA hereby declares the entire amount of the indebtedness evidenced by the Promissory Notes and secured by the Mortgages to be immediately due and payable.

17. The following amounts are now justly due to the United States on the Promissory Notes secured by the Mortgages:

| | | |
|---|---|---|
| (a) Principal and advances……………….. | | $141,976.76 |
| (b) Interest through July 21, 2020......... | | $59,800.33 |
| | **TOTAL** | $201,777.09 |

together with interest at the daily accrual of $14.8392 thereafter.

18. Upon information and belief, Plaintiff may be compelled to make advancements for payment of taxes, hazard insurance, water and sewer charges, or other municipal assessments, and maintenance in order that it may protect and preserve its security. The nature and amount of such advancements is unknown to Plaintiff at this time. Nevertheless, Plaintiff seeks recovery for such advancements, together with interest, including but not limited to such amounts incurred to date of $3,220.53. Copies of documentation showing such amounts are attached to this Complaint as Exhibits R, S, T, U, V, and W.

19. No other action has been brought at law or in equity to enforce the provisions of the Promissory Notes or the Mortgages. All conditions precedent to the bringing of the action have been performed or have occurred.

20. Defendant is not in the military service of the United States, as defined in the Servicemembers Civil Relief Act, 50 U.S.C. §§ 501 *et seq.*, and is not an infant or mentally incompetent person.

21. Plaintiff has complied with the requirements of 7 C.F.R. § 1951, Subpart S and/or 7 C.F.R. § 766.

22. Party-In-Interest Cavendish Agri Services, Inc., is joined in this action because it has, or claims to have, some interest in the Mortgaged Premises, or some part thereof.

Cavendish Agri Services, Inc.'s interest in the Mortgaged Premises, if any, is subsequent or subordinate to the liens of the Mortgages that are the subject of this action.  Cavendish Agri Services, Inc.'s interest in this property is by virtue of Order Approving Attachment and Trustee Process dated October 5, 2008, and recorded in the Southern Aroostook Registry of Deeds, Book 4640, Page 254; Order in favor of Cavendish Agri Services, Inc., dated November 21, 2008, and recorded in the Southern Aroostook Registry of Deeds, Book 4652, Page 279; and Writ of Execution dated February 3, 2009, and recorded in the Southern Aroostook Registry of Deeds, Book 4669, Page 262.

23. Party-In-Interest UAP Distribution, Inc., is joined in this action because it has, or claims to have, some interest in the Mortgaged Premises, or some part thereof.  UAP Distribution, Inc.'s interest in the Mortgaged Premises, if any, is subsequent or subordinate to the liens of the Mortgages that are the subject of this action.  UAP Distribution, Inc.'s interest in this property is by virtue of a Writ of Execution dated June 23, 2009, and recorded in the Southern Aroostook Registry of Deeds in Book 4722, Page 28.

24. Party-In-Interest Ricky Mclain also known as Ricky Mclean is joined in this action because he has, or claims to have, some interest in the Mortgaged Premises, or some part thereof.  Ricky Mclain's interest in the Mortgaged Premises, if any, is subsequent or subordinate to the liens of the Mortgages that are the subject of this action.  Ricky Mclain's interest in the Mortgaged Premises is by virtue of a Warranty Deed from Defendant to Ricky Mclain dated March 11, 2016, and recorded in the Southern Aroostook Registry of Deeds in Book 5598, Page 56, which is attached to this Complaint as Exhibit X.

25. On information and belief, Heather A. Flewelling – who co-signed some, but not all of the Promissory Notes but has no ownership interest in the Mortgaged Premises – filed a

bankruptcy petition commencing a case under Title 11 of the United States Code on December 31, 2015, and an order for relief was entered under Chapter 7.  Heather A. Flewelling was discharged on April 19, 2016, and the case was closed on April 25, 2016.  A copy of the "Discharge of Debtor" is attached to this Complaint as Exhibit Y.

WHEREFORE, Plaintiff demands judgment as follows:

(a)  That – subsequent to the filing of a copy of the Complaint instituting this action in the Office of the Southern Aroostook County Registry of Deeds, in which the Mortgaged Premises are situated – Defendant and every person whose conveyance or encumbrance is subsequent or subsequently recorded, be forever barred and foreclosed of all rights, claims, liens, and any equity of redemption in the Mortgaged Premises;

(b)  That said the Mortgaged Premises may be decreed to be sold pursuant to 28 U.S.C. § 2001;

(c)  That the amount due to Plaintiff on its Promissory Notes and Mortgages may be adjudged;

(d)  That the monies arising from the sale of the Mortgaged Premises may be brought to Court;

(e)  That Plaintiff may be paid the amount adjudged to be due to Plaintiff, with interest thereon to the time of such payment, together with the costs and expenses of this action and the expense of said sale so far as the amount so such money properly applicable thereto will pay the same;

(f)  That Defendant deliver possession of the Mortgaged Premises to the successful bidder at the foreclosure sale 10 days after the date of sale; and

(g)  That the Plaintiff may have such other and further relief in the premises as shall be just and equitable.

HALSEY B. FRANK
UNITED STATES ATTORNEY

Dated: August 10, 2020
    Portland, Maine

/s/ Ashley E. Eiler
Ashley E. Eiler
Assistant U.S. Attorney
U.S. Attorney's Office, District of Maine
100 Middle Street
East Tower, 6th Floor
Portland, ME 04101
(207) 771-3244
Ashley.Eiler@usdoj.gov